1                                                                                      SVK

2  **WO**

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Cheryl Marie Nicholson,                    )    No. CV 06-470-PHX-DGC (DKD)
                                              )
10                Plaintiff,                   )    **ORDER**
                                              )
11  vs.                                        )
                                              )
12                                             )
   Maricopa County Sheriff's Office, et al.,  )
13                                             )
                Defendants.                    )
14                                             )
   _____  )

15

16        Plaintiff Cheryl Marie Nicholson, confined in the Maricopa County Estrella Jail, filed

17  a *pro se* civil rights Complaint  pursuant to 42 U.S.C. § 1983.  On April 14, 2006 the Court

18  dismissed the action with leave to amend (Doc. # 7).  Plaintiff filed an Amended Complaint

19  (Doc. # 9) on May 9, 2006.  The Court will dismiss the Amended Complaint with prejudice.

20  **I.  Statutory Screening of Prisoner Complaints**

21        The Court is required to screen complaints brought by prisoners seeking relief against

22  a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

23  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

24  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

25  be granted, or that seek monetary relief from a defendant who is immune from such relief.

26  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the

27  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

28  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

1    (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be

2    saved" but not if a complaint "lacks merit entirely."  Id. at 1129.  The Court therefore should

3    grant leave to amend if the pleading could be cured by the allegation of other facts or if it

4    appears at all possible that the defect can be corrected.  Id. at 1130.

5            On April 14, 2006, this Court dismissed the original Complaint, which also named the

6    Maricopa County Sheriff's Office and Defendant Arpaio, with leave to amend (Doc. # 7).

7    The Order stated that the Maricopa County Sheriff's Office was not a proper Defendant and

8    that Plaintiff had failed to state a claim against Defendant Arpaio because the Complaint

9    contained no allegations regarding his conduct.  Plaintiff's First Amended Complaint will

10   be dismissed without leave to amend because the defects in the original Complaint were not

11   corrected.

12   **III.    Complaint**

13           Plaintiff names the Maricopa County Sheriff's Office and Joseph M. Arpaio as

14   Defendants.  Plaintiff alleges two grounds for relief: (1) overpopulation of the Jail resulted

15   in Plaintiff having to sleep on the floor, she was assaulted by another inmate, and she was

16   exposed to infectious diseases, and (2) failure to provide medical care for a painful hernia

17   condition.  Plaintiff alleges that these conditions and events violate Hart v. Hill.  For relief,

18   Plaintiff requests compensation.

19   **IV.  Defendants**

20           **A.  Maricopa County Sheriff's Office**

21           As the Court stated in its Order of April 14, 2006, the Maricopa County Sheriff's

22   Office is not a proper Defendant.

23           **B.  Joseph M. Arpaio**

24           Plaintiff sues Defendant Arpaio in his official capacity.  As in the original Complaint,

25   the Amended Complaint makes no allegations regarding his conduct.

26           When a person is sued in an official capacity, the real party in interest is the entity of

27   which the officer is an agent.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting

28   Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)).  In this case,

1   that entity is Maricopa County.  The actions of individuals may support liability only if the

2   employees were acting pursuant to an official policy or custom of the municipality.  Botello

3   v. Gammick, 413 F.3d 971, 978-79 (9th Cir. 2005); Cortez v. County of Los Angeles, 294

4   F.3d 1186, 1188 (9th Cir. 2001).  Plaintiff must allege, as a matter of law, that the policy or

5   custom caused him to suffer constitutional injury.  Sadosky v. Mosley, 435 F.3d 1076, 1080

6   (9th Cir. 2006).  Without any allegations regarding Arpaio's conduct, Plaintiff cannot meet

7   this standard.

8          Plaintiff's allegations also cannot support individual liability against Sheriff Arpaio.

9   There is no *respondeat superior* liability under § 1983, so a defendant's position as the

10   supervisor of a person who allegedly violated Plaintiff's constitutional rights does not impose

11   liability.  Monell, 436 U.S. 658; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A

12   supervisor is only liable for constitutional violations of his subordinates if the supervisor

13   participated in or directed the violations, or knew of the violations and failed to act to prevent

14   them." Taylor, 880 F.2d at 1045.  "A plaintiff must allege facts, not simply conclusions, that

15   show that an individual was personally involved in the deprivation of his civil rights."

16   Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  Without any allegations

17   regarding Arpaio's conduct, Plaintiff also cannot meet this standard.

18          Plaintiff was advised of these requirements by this Court's Order of April 14, 2006

19   (Doc. # 7).  Nevertheless, Plaintiff names Defendant Arpaio in the Amended Complaint and

20   again fails to affirmatively link the alleged harms to Defendant Arpaio.  Plaintiff does not

21   allege that Defendant Arpaio personally participated in or directed the constitutional

22   deprivation, that he was aware of violations and failed to take action to prevent further

23   misconduct, or that he formed policies that resulted in Plaintiff's injuries. Plaintiff's

24   Amended Complaint fails to state a claim against Defendant Arpaio.  Because Plaintiff was

25   advised by this Court's Order of April 14, 2006 of the requirement to affirmatively link the

26   named Defendant to the harm alleged, and because the Plaintiff has again failed to allege any

27   facts to affirmatively link the alleged harms to Defendant Arpaio, the Court will dismiss the

28   Amended Complaint without leave to amend.

**V.  Claims Under Hart v. Hill**

The Court also notes that Hart v. Hill, CV 77-0479-PHX-EHC (MS), provides no independent cause of action for monetary damages.  Although the class action does not foreclose an individual complaint for damages, see  Hiser v. Franklin, 94 F.3d 1287 (9thCir.1996), Plaintiff must demonstrate some right of action and legal entitlement to the monetary damages she seeks.  In a case challenging the conditions of confinement of pretrial detainees, the most likely source of a right to sue (of which Plaintiff has availed herself in this action) is 42 U.S.C. § 1983.  However, in order to state a claim under § 1983, Plaintiff must allege a cognizable constitutional claim.  Plaintiff alleges only violations of Hart v. Hill and has therefore failed to state such a constitutional claim in Count I or II.

**IT IS ORDERED:**

(1) The First Amended Complaint ( Doc. # 9) and this action are **dismissed** for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court must enter judgment accordingly.

(2)  The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 26th day of July, 2006.

David G. Campbell
United States District Judge

- 4 -